```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/8/23
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAM ALBERT METELLUS,

                                **Plaintiff,**

-against-                             1:23-CV-6712 (ALC)

ANNE-MARIE JOLLY; GILBERT              TRANSFER ORDER
TAYLOR; KATERINA CONTARATOS,
and all successors and assigns,

                                **Defendants.**

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff Sam Albert Metellus filed this *pro se* action asserting claims of trademark infringement, seeking damages, injunctive relief, and declaratory relief.[1] His claims arise from what appear to be child-support proceedings that have occurred in the New York Family Court, Queens County. Plaintiff sues: (1) Anne-Marie Jolly, whom he describes as "the Administrative Judge of the Queens County Family Court"; (2) Gilbert Taylor, whom he describes as "the Supervising Judge of the Queens County Family Court"; and (3) Katerina Contaratos, whom he describes as "a Support Magistrate of the Queens County Family Court." (ECF No. 1, at 2.) He has filed a "Special Appearance Notice of Motion for Leave to Request to File an Emergency Motion" with his complaint, which the Court understands to be a motion for a preliminary injunction. (ECF No. 2.)

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by using only the child's name's initials. In his complaint, however, Plaintiff appears to reveal the full name of a minor child. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

With respect to claims of trademark infringement, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because Plaintiff does not specify where all of the defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Even if the Court were to assume that all of the defendants reside within the State of New York and that at least one of them resides within this judicial district, making venue for this action proper in this court under Section 1391(b)(1), because Plaintiff alleges that the events giving rise to his claims have occurred in Queens County, and as Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the United States District Court for the Eastern District of New York is clearly also a proper venue for this action under Section 1391(b)(2).[2]

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York appears to be appropriate for this action. The underlying events allegedly occurred, and all of the defendants appear to be located, in Queens County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

---

City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff's pending motion should be granted is a determination to be made by the transferee court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  August 8, 2023
        New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**